**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NASEEB NASEEB**, | **CIVIL ACTION** |
| Petitioner, | |
| *v.* | **NO. 26-5064-KSM** |
| **J.L. JAMISON**, *Warden, Federal Detention Center, Philadelphia*, et al., | |
| Respondents. | |

## ORDER

**AND NOW**, this 23rd day of July, 2026, upon consideration of Petitioner Naseeb Naseeb's

Petition for Writ of Habeas Corpus (Doc. No. 1) and the Government's Answer (Doc. No. 3), the

Court finds as follows:

1.       Petitioner, a native of India, entered the United States in June 2024 at the Mexican

border.  (Doc. No. 1 at 1–2, 5.)  He was encountered by officers with the Department of

Homeland Security ("DHS"), detained, and released to live in Philadelphia.  (*Id.* at 5.)  He has

been placed in removal proceedings pursuant to 8 U.S.C. § 1229a.[1]  (*See id.* at 3, 5.)

2.       On July 15, 2026, DHS officials arrested Petitioner while he was at his scheduled

immigration check-in.  (*Id.* at 6.)  The parties' filings suggest that he has been charged with

violations of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), which

applies to noncitizens who are present in the United States without previously being admitted or

paroled.  (*See* Doc. No. 1 at 6 (describing Petitioner as someone who is "detained" under

---

[1] Section 1229a outlines the normal procedure for removal, including an inadmissibility proceeding before an immigration judge.  8 U.S.C. § 1229a(a)(1).

Respondents' "revised interpretation of the immigration detention statutes; specifically their new view that all noncitizens who have not been 'admitted' . . . are subject to mandatory detention"); Doc. No. 3 at 1 ("Petitioner here, like prior petitioners, is an 'applicant[ ] for admission' and necessarily 'seeking admission' within the meaning of those phrases in § 1225(b)(2)(A), which thus provides the authority for his detention.").)

3.      Petitioner is currently confined at the Federal Detention Center ("FDC") in Philadelphia, where he is being kept without the opportunity for a bond hearing.  (Doc. No. 1 at 6, 8.)  He claims he is being held pursuant to a July 8, 2025, DHS policy instructing all Immigration and Customs Enforcement ("ICE") employees to consider anyone inadmissible under Section 1182(a)(6)(A)(i) subject to detention without eligibility for bond, regardless of whether they are attempting to enter the country or have been present here for years.  (Doc. No. 1 at 8); *see also* ICE, Interim Guidance Regarding Detention Authority for Applicants for Admission (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed July 23, 2026).

4.      On July 21, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his continued detention is in violation of the Immigration and Nationality Act ("INA"), the Due Process Clause of the Fifth Amendment, and the Administrative Procedures Act.  (*Id.* at 16–22.)  The Government[2] opposes[3] the Petition, arguing

---

[2] Petitioner names four government officials and two government entities as respondents:  (1) J.L. Jamison, Warden of the FDC; (2) John E. Rife, Acting Field Office Director of Enforcement and Removal Operations for Immigration and Customs Enforcement's ("ICE") Philadelphia Field Office; (3) Markwayne Mullin, Secretary of DHS; (4) Todd Blanche, Acting United States Attorney General; (5) DHS; and (6) the Executive Office for Immigration Review (collectively, the "Government").  (Doc. No. 1 at 1.)

[3] In lieu of a comprehensive response to the Petition, the Government has filed an "abbreviated response," in which it argues that "Petitioner here, like prior petitioners, is an 'applicant[ ] for admission' and necessarily 'seeking admission' within the meaning of those phrases in § 1225(b)(2)(A)," and that his detention does not violate the Due Process Clause. (Doc. No. 3 at 1–2.)  As such, this Order discusses the

that the Court should deny habeas relief because: Petitioner is lawfully detained pursuant to 8

U.S.C. § 1225(b)(2) and his detention does not offend due process.  (*See supra* n.3.)  For the

reasons discussed below, these arguments fail.  And this Court again joins the hundreds of other

courts that have found DHS's mandatory detention policy violates the INA and the Due Process

Clause of the Fifth Amendment in the context presented here.

5.      The Court finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a),[4] not

§ 1225(b)(2),[5] and therefore, the Government's refusal to provide a bond hearing violates the

INA and due process.  When an applicant for admission is apprehended after being present in the

United States for years, like Petitioner here, they are not "actively 'seeking admission'" at the

---

Government's statutory and constitutional arguments that have been put forth in recent cases before this Court.  *See, e.g.*, *Rodrigues Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025); *Hussain v. O'Neill*, No. 26-cv-35, 2026 WL 66891 (E.D. Pa. Jan. 8, 2026); *Kourouma v. Jamison*, 26-cv-182, 2026 WL 120208 (E.D. Pa. Jan. 15, 2026).

[4] Section 1226 authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States."  *Id.* § 1226(a).  But unlike a noncitizen detained under Section 1225, a noncitizen detained under Section 1226 may be released while they await a decision on removal.  *Id.* (granting the Attorney General discretion to either detain the noncitizen *or* to release the noncitizen on bond or conditional parole).  Immigration authorities are tasked with the "initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge."  *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).  "At the hearing, the noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'"  *Id.* (quoting *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019)).  If released, the bond remains subject to revocation.  *See* 8 U.S.C. § 1226(b) (providing that the Attorney General may "at any time revoke" the noncitizen's "bond or parole . . . , rearrest the alien under the original warrant, and detain" them).

[5] Section 1225 governs the inspection of "applicants for admission," a phrase broadly defined as any noncitizen who is "present in the United States who has not been admitted or who arrives in the United States."  *See* 8 U.S.C. § 1225(a)(1), (b)(1), (b)(2).  Section 1225(b) divides applicants into two categories.  *Id.* § 1225(b).  First, Section 1225(b)(1) provides for the inspection of aliens "arriving in the United States and certain other aliens who have not been admitted or paroled."  *Id.* § 1225(b)(1).  And Section 1225(b)(2) governs the "[i]nspection of other aliens," stating that "[i]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a removal proceeding.  *Id.* § 1225(b)(2)(A).

3

time of their arrest, so Section 1225(b)(2) does not govern their detention.[6] *Demirel*, 2025 WL 3218243, at *4; *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *6; *Cantu-Cortes*, 2025 WL 3171639, at *2. Instead, their detention is governed by Section 1226, which "grants the Attorney General discretion to detain or release a noncitizen on bond while removal proceedings are pending." *Kashranov*, 2025 WL 3188399, at *5. Courts have held that the right to a bond hearing is not merely statutory, but constitutional: "When the Government detains an alien under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing." *Id.*; *see also, e.g.*, *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025); *Demirel*, 2025 WL 3218243, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *2. Because ICE's mandatory detention of Petitioner without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment, habeas relief is warranted.[7] 28 U.S.C. § 2241(c)(1), (3); *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *8.

---

[6] This Court previously held the Fifth Circuit's February opinion in *Buenrostro-Mendez v. Bondi* does not change our interpretation of the relevant statutory language. 166 F.4th 494 (5th Cir. 2026); *see Vimos v. Federal Detention Center of Philadelphia,* No. 26-cv-780, 2026 WL 381173, at *5 n.12 (E.D. Pa. Feb. 11, 2026) (disagreeing with *Buenrostro-Mendez*). The Eighth Circuit's March opinion in *Avila v. Bondi*, which heavily relies on the Fifth Circuit's analysis, *see* 170 F. 4th 1128, 1133–34 (8th Cir. 2026), also does not change the Court's view. As a preliminary matter, decisions of the Fifth and Eighth Circuit are not binding on this Court, and are, at most, persuasive authority. *See United States v. Maury*, 695 F.3d 227, 259 n.27 (3d Cir. 2012) ("Of course, the decisions of other circuits, while persuasive, are not binding on the district courts in this Circuit."). And, as the Court explained in *Vimos*, we are not persuaded by the Fifth Circuit's reasoning. *See* 2026 WL 381173, at *5 n.12; *see also, e.g.*, *Olimov v. Jamison*, 26-cv-532, 2026 WL 596155, at *3–4 (E.D. Pa. Mar. 3, 2026). Instead, the Court reaffirms its prior holdings that Section 1226 governs the detention of undocumented immigrants who are present in the United States and not *actively* seeking admission. *See generally Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25cv14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25cv1965, 2026 WL 1283891 (6th Cir. May 11, 2026).

[7] Because habeas relief is warranted on these grounds, we need not consider Petitioner's argument that his detention also violates the APA.

For those reasons, it is **ORDERED** that the Petition is **GRANTED** as follows:

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2.      The Government shall **RELEASE** Petitioner from custody immediately.  Counsel shall certify compliance with this Order by filing on the docket no later than **9:00 p.m.** on **July 23, 2026**.

3.      The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4.      If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings. Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

5.    The Clerk of Court shall mark this matter **CLOSED** upon receipt of the certification of Government counsel discussed above.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____

KAREN SPENCER MARSTON, J.